NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEL and CHERYL EPSTEIN, | : |
| | : Civil Action No. 12-0442 (CCC) |
| Plaintiffs, | : |
| | : |
| v. | : REPORT & RECOMMENDATION |
| | : |
| GOODMAN MANUFACTURING COMPANY, LP, et al., | : |
| | : |
| Defendants. | : |
| | : |
| v. | : |
| | : |
| GENERAL ELECTRIC COMPANY (improperly pleaded herein as GE INDUSTRIAL SYSTEMS and GENERAL ELECTRIC COMPANY), | : |
| | : |
| Third-Party Defendant/ Fourth-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ELICA S.p.A., f/k/a/ FIME-ELICA S.p.A. MOTOR DIVISION, | : |
| | : |
| Fourth-Party Defendant/ Fifth-Party Plaintiff, : | : |
| | : |
| v. | : |
| | : |
| SKF INDUSTRIE S.p.A., | : |
| | : |
| Fifth-Party Defendant. | : |

**CLARK, United States Magistrate Judge**

This matter comes before this Court on the motion of Fifth-Party Defendant SKF Industrie S.p.A. ("SKF-Italy") to dismiss Fourth-Party Defendant Elica, S.p.A.'s ("Elica") fifth-party complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). [Docket Entry No. 79]. Elica opposes this motion. [Docket Entry No. 82]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, SKF-Italy's motion. The Court considers SKF-Italy's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, it is respectfully recommended that SKF-Italy's motion to dismiss the fifth-party complaint for lack of personal jurisdiction be GRANTED.

## I. BACKGROUND

This is a strict products liability action brought by Plaintiffs Mel and Cheryl Epstein ("Plaintiffs") against Defendants Goodman Manufacturing Company, LP ("Goodman") and Revcor, Inc. ("Revcor") for damage sustained to their property at 26 Henning Terrace, Denville, New Jersey after their furnace failed, causing the pipes to freeze and burst, resulting in water damage. *See generally Compl.* Specifically, Plaintiffs allege that the "premature failure of the induced draft blower…caused the Furnace to shut down." *Compl.* at ¶12. Goodman is the manufacturer/distributor of the furnace and Revcor is the manufacturer/distributor of the blower. *Compl.* at ¶¶16, 20. Both Goodman and Revor answered Plaintiffs' complaint and simultaneously cross-claimed against each other for contribution and indemnification. *See* Docket Entry Nos. 9, 13.

Thereafter, Goodman and Revcor together filed a third-party complaint against General Electric Company ("GE") claiming further indemnification, alleging that GE sold Revcor a blower motor, which Revcor installed in the blower, which blower was then installed in the furnace by

2

Goodman. *See* Docket Entry No. 20. Goodman and Revcor claim that the blower motor failed because of a bearing seizure. Moving along the distribution line, GE was then subsequently given leave to file a fourth-party complaint, which it filed against Elica, claiming that Elica manufactured and sold GE the defective blower motor. *See* Docket Entry No. 35. Lastly, Elica answered the fourth-party complaint and contemporaneously filed a fifth-party complaint against SKF-Italy, the manufacturer of the bearings in the blower motor. *See* Docket Entry No. 45.

On August 12, 2013 SKF-Italy moved to dismiss the fifth-party complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Docket Entry No. 59. Upon consideration of SKF-Italy's motion (having been opposed by Elica), the Honorable Michael A. Hammer, U.S.M.J. ordered a limited period of jurisdictional discovery to determine whether this Court could exercise personal jurisdiction over SKF-Italy. *See* Docket Entry No. 70. In so ruling, Magistrate Judge Hammer specifically limited the parties' jurisdictional discovery efforts to establishing *general* personal jurisdiction. *Id.* at 5, n. 2.

While the parties were conducting jurisdictional discovery, the matter was transferred to the undersigned. The Court held a status telephone conference on the record on May 27, 2014 where it heard argument from the parties on the last remaining issues with respect to their discovery efforts. The Court then ordered SKF-Italy to re-file its motion to dismiss by July 11, 2014. *See May 27, 2014 Letter Order* at ¶3; Docket Entry No. 77. The instant motion followed.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted under state law. FED. R. CIV. P. 4(k)(1). A district court exercising diversity jurisdiction over a case must look to the forum state's

3

long-arm statute in analyzing whether there is personal jurisdiction over a non-resident defendant. *Sunbelt Corp. v. Noble, Denton & Assocs.,* 5 F.3d 28, 31 (3d Cir. 1993).  New Jersey's long-arm statute permits the exercise of personal jurisdiction "to the fullest limits of due process."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).  The Fourteenth Amendment's Due Process Clause requires that "individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Consistent with the Due Process Clause, a court may assert personal jurisdiction so long as the defendant has "certain minimum contacts" with the forum, in this case New Jersey, such as not to "offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)).

On a motion under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) ("Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction."); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).  A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff.  *Carteret*, 954 F.2d at 142 n.1.  However, the plaintiff cannot rely on the pleadings alone and must provide actual proofs.  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable.  *Mellon Bank PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).  A court can assert either specific or general jurisdiction over a defendant.  *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir.

4

2009). Specific jurisdiction requires the defendant have minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). In addition, the lawsuit must "arise out of" or "relate to" these minimum contacts. *Id.* Furthermore, the defendant must have purposefully availed itself of the forum such that it "should reasonably anticipate being haled into court" there, having invoked the benefits and protections of the forum's laws. *Id.* at 474-75. The Third Circuit has summarized this analysis in three parts: (i) "the defendant must have 'purposefully directed [its] activities' at the forum"; (ii) "the litigation must 'arise out of or relate to' at least one of those activities"; and (iii) "if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *D'Jamoos*, 566 F.3d at 102.

General jurisdiction, by contrast, requires the defendant to have "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). These contacts need not relate to the subject matter of the litigation. *Id.* at 415 n.10. However, general jurisdiction requires "a very high threshold of business activity." *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 891 n.2 (3d Cir. 1981) (finding that a "daily presence" in the forum and activities such as weekly advertising, regular solicitation of business, substantial product sales, and the maintenance of a telephone number in the forum meet the threshold); *see also Early Learning Res., LLC v. Sebel Furniture Ltd.*, No. 10-6335, 2011 U.S. Dist. LEXIS 112483 (D.N.J. Sept. 30, 2011). The facts required to establish sufficient contacts for general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citation omitted). In other words, the plaintiff must demonstrate "significantly more than minimum

5

contacts." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987).

The Supreme Court recently refined the analysis for finding general jurisdiction in *Daimler AG v. Bauman,* 134 S.Ct. 746 (2014). *Daimler* held that a court may assert general jurisdiction over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler,* 134 S.Ct. at 754 (internal citation omitted). In this District, courts have held that *Daimler* has narrowed the previous approach. *See JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc.,* 2014 U.S. Dist. LEXIS 68293 at *8 (D.N.J. May 19, 2014) ("To be clear, since the recent Supreme Court's decision in [*Daimler*], courts have noted that general jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state") (emphasis omitted); *see also Krishanti v. Rajaratnam,* 2014 U.S. Dist. LEXIS 58314 at *21 (D.N.J. April 28, 2014) ("As the Supreme Court stated in Daimler, the exercise of general jurisdiction simply based on a corporation's 'substantial, continuous, and systematic course of business' within a state is an 'unacceptably grasping' formulation.") (internal citation omitted).

### III. DISCUSSION

#### A. Structure of the SKF Group

Upon reviewing the parties' briefing, it is apparent that the crux of the dispute is whether SKF-Italy should be subject to this Court's jurisdiction because it is part of the larger whole, "the SKF Group." It is undisputed that SKF-Italy is an Italian corporation, which in turn is wholly-owned by another Italian corporation, RIV-SKF Officine di Villar Perosa S.p.A. ("RIV-SKF").

*See SKF-Italy's Brief in Support* at 5; Docket Entry No. 79-1.  SKF-Italy also has a United States counterpart, SKF USA. *Id.* at 2.  Ultimately, the parent of SKF-Italy, RIV-SKF, SKF USA and roughly 80 other SKF corporations is Aktiebolaget SKF ("AB SKF"). *See Elica's Brief in Opposition* at 2; Docket Entry No. 82.  It is these 80+ corporations which comprise "the SKF Group".  However, the only party to the instant litigation is SKF-Italy.

At the outset, the Court notes that nowhere in its brief does Elica specifically argue that SKF-Italy is subject to this Court's jurisdiction standing alone.  This is because they could not plausibly argue same.  SKF-Italy is an Italian corporation, wholly owned by other Italian corporation, which is ultimately all owned by AB SKF, a Swedish corporation.  SKF-Italy has never been a party to litigation in the District of New Jersey nor, it appears, has it been a party to litigation in any District in the United States.[1]  SKF-Italy maintains that it "has no offices, plants, sales centers or any other facilities in New Jersey…does not have any real property, personal property, bank accounts, investments or any other assets located in New Jersey…is not qualified to do business in New Jersey, does not conduct business in New Jersey…has appointed no agents for service of process in New Jersey…[and] does not pay taxes to the State of New Jersey." *SKF-Italy's Br. Supp.* at 5.  Elica largely does not dispute those representations.  However, Elica has suggested, without directly arguing, that SKF-Italy is subject to this Court's personal jurisdiction because of its link to SKF USA, but this argument is unavailing.  The only relationship between SKF-Italy and SKF USA is that SKF USA is SKF-Italy's "only customer in the United States[.]" *SKF-Italy's Br. Supp.* at 6.  SKF-Italy notes that each company has "different officers, directors,

---

[1] SKF-Italy has been a party to litigation occurring in the United States Court of International Trade and the United States Court of Appeals for the Federal Circuit.  Those Courts clearly have personal jurisdiction of SKF-Italy and are distinguishable from the District of New Jersey.

and managers and separate books of account…Neither company manages or controls the business of another." *Id.* Other than SKF-Italy's affiliation (and the Court uses that term loosely) with SKF USA, there is simply no evidence that SKF-Italy has any other ties to New Jersey. In this regard, it would be unbelievably reaching and indeed, absurd to find that SKF-Italy is "at home" in New Jersey. As such, Elica's main argument and application of the relevant case law relies heavily on the presumption that SKF-Italy and AB SKF and/or the SKF Group, which includes SKF USA, are one in the same.

Elica argues that SKF-Italy "actively markets and sells its bearing products all over the world, including to New Jersey residents, through the SKF Group and its global distribution network" and that "the SKF Group can properly be considered a single entity for jurisdictional purposes[.]" *Elica's Br. Opp.* at 2, 4. Elica contends that the SKF Group represents itself as a single entity and that AB SKF "oversees, manages, and directs the policies of the SKF entities[.]" *Id.* at 6-10. As such, Elica submits that the entire SKF Group is subject to this Court's general jurisdiction under an "alter ego" or "single enterprise" theory.

In practice, the alter ego and single enterprise doctrines are very similar. In determining whether two or more entities are alter egos or whether they operate as a single enterprise, "[t]he relevant jurisdictional inquiry is whether the [subsidiary] and the parent … so operate as single entity, or unified and cohesive economic unit, that when the parent is within venue of court, the [subsidiary] is also within court's jurisdiction; [this] 'single entity' test requires that a parent over which the court has jurisdiction so control and dominate a subsidiary as in effect to disregard the latter's independent corporate existence." *Genesis Bio-Pharmaceuticals, Inc. v. Chiron Corp.*, 27 Fed. Appx. 94, 98 (3d Cir. 2001) (internal citations and quotations omitted); *see also Seltzer v. I.C.*

8

*Optics, Ltd.,* 339 F.Supp.2d 601, 610 (D.N.J. 2004) ("a subsidiary will be deemed to be the alter ego or 'mere instrumentality' of its parent if the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent.") (internal citations and quotations omitted). In *Seltzer,* the Court outlined the following factors to consider in determining whether a parent company dominated its subsidiary: (1) the level of capitalization of the subsidiary; (2) who the subsidiary does business with other than the parent; (3) the day-to-day involvement of the parent's directors, officers and personnel with the subsidiary; and (4) the payment of the subsidiary's salaries and expenses by the parent. *Seltzer,* 339 F.Supp.2d at 610.

To show that the SKF Group is a "single enterprise" or that SKF-Italy and AB SKF are alter egos, Elica alleges that 1) AB SKF owns all of the entities of the SKF Group; 2) AB SKF controls the entire SKF Group; 3) the SKF Group shares common officers and directors through the SKF Group Management Team; 4) AB SKF oversees the development of marketing strategies by the SKF Marketing Management Group; 5) all SKF entities use the same logos, packaging materials and packaging procedures; 6) all SKF entities share inventory, financial tracking, customer pricing and sales systems; 7) all SKF entities are required to adopt the same policies, procedures and initiatives and maintain a single code of conduct; 8) the financials of all SKF entities are treated as one set by AB SKF; 9) one set of statistics is annually reports by the SKF Group; and 10) all SKF entities use the same world-wide distributors. *Elica's Br. Opp.* at 25-26.

The Court is thoroughly convinced that it does not have personal jurisdiction over SKF-Italy. As stated above, the SKF Group consists of over 80 separate entities based all over the world. Therefore, to accept Elica's argument would be tantamount to disregarding the corporate form of over 80 entities, a finding this Court is not prepared to make. This conclusion is made

9

especially compelling in light of the fact that other courts have come to the same conclusion for the SKF Group. In *Little v. SKF Sverige AB*, 2014 U.S. Dist. LEXIS 22932 (S.D.Tx. Jan. 31, 2014), defendants SKF Sverige AB and SKF International AB, both Swedish corporations,[2] moved to dismiss for lack of personal jurisdiction. The plaintiff argued that "[t]he SKF group is the largest bearing manufacturer in the world, and numerous . . . companies in the State of Texas . . . sell SKF products." *Little v. SKF Sverige AB,* 2014 U.S. Dist. LEXIS 22932 at *10 (internal citation and quotation omitted). In issuing Memorandum and Recommendation to grant defendants' motion, the magistrate judge found that there was no personal jurisdiction over defendants as "Plaintiff does not distinguish between the corporate entities that belong to the SKF group of companies [and] has failed to demonstrate that any contacts SKF or SKF USA may have with Texas may be imputed to the Swedish Defendants." *Id.* The magistrate judge's recommendation was adopted by the district court and was ultimately upheld by the Fifth Circuit on appeal. *See Little v. SKF Sverige AB,* 2014 U.S. App. LEXIS 22464 at * 4 ("the Swedish Defendants' affiliations with Texas are not 'so continuous and systematic as to render them essentially at home in the forum State.'" (citing *Daimler,* 134 S.Ct. at 1122)).

Additionally, in a case involving SKF USA, a corporation that has been subjected to litigation in the District Courts of the United States, Plaintiffs argued that "AB SKF and SKF USA are essentially the same entity because AB SKF exercises substantial dominion and control over its United States-based subsidiary." *In re Auto. Parts Antitrust Litig.,* 2014 U.S. Dsit. LEXIS 90736 at *86 (E.D.Mi. Jul. 3, 2014). In finding that there was no general jurisdiction over AB SKF, the Court stated that "[o]ther than allegations that AB SKF holds itself and all of its

---

[2] SKF Sverige AB is wholly owned by SKF International AB, which is wholly owned by AB SKF.

companies out as one "SKF" company, AB SKF does not exercise "so much control" over SKF USA that both companies are one and the same for jurisdictional purposes." *Id.* at *88. Specifically, plaintiffs argued that "AB SKF does not differentiate between subsidiaries in its annual reports and that AB SKF has publicly commented on its acquisition of United States-based companies. They also assert that the companies share numerous executives and that AB SKF has a single code of conduct and compliance program applicable to all of its companies worldwide." *In re Auto Parts Litig.*, 2014 U.S. Dist. LEXIS 90736 at *86-87. However, the Court noted that "Plaintiffs failed to allege that SKF USA is undercapitalized, that SKF USA purchases all of its supplies from AB SKF, that AB SKF and SKF USA share principal offices, or that most of AB SKF's revenue is derived from SKF USA." *Id.*

Elica makes several of the same arguments in the instant case and those arguments fail for the same reasons. Moreover, that case involved SKF USA, a corporation which was *already* subject to the personal jurisdiction of the Court. The hurdle is even higher in this case, which involves a subsidiary which is *not* United-States based. The facts Elica proffers to argue that AB SKF dominates SKF-Italy (and the other entities of the SKF Group) are easily characteristic of any global company with multiple subsidiaries and do not show the level of domination necessary or sufficient for the Court to conclude that the entities are alter egos of each other. As such, Elica has not made the requisite showing of control for the Court to find that that SKF-Italy is the alter ego of AB SKF. Furthermore, the Court simply cannot see how it can go from having jurisdiction over one of the SKF entities (SKF USA) to essentially finding that it has jurisdiction over all 80 in the SKF Group.

**IV. CONCLUSION**


In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P. 78;

IT IS on this 20th day of January, 2015,

RECOMMENDED that SKF-Italy's Motion to Dismiss for Lack of Personal Jurisdiction under FED.R.CIV.P. 2 be GRANTED; and it is

ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 79] and activate the instant Report & Recommendation accordingly.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

 s/James B. Clark, III  
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**